OPINION
Appellant, Skip Stephenson, appeals from the judgment of the Willoughby Municipal Court, denying appellant's motion to suppress evidence.
While on routine patrol in the parking lot of the Shoregate Towers Apartment complex on April 6, 1998, at approximately 1:30 a.m., Willowick Police Officer John Beckwith observed two vehicles parked close together and noticed steamed windows in one of the vehicles. Officer Beckwith approached the vehicle and found two individuals asleep. He tapped on the window, waking appellant and his girlfriend, and asked why they were sleeping in the car. Appellant explained that he and his girlfriend were homeless and needed a place to sleep. During the conversation, Officer Beckwith noticed a bullet lying between the dashboard and the windshield of the vehicle.
Officer Beckwith testified that when he saw the bullet, he became concerned for his safety and asked appellant and his girlfriend to step out of the vehicle. With information received from the dispatcher at the Willowick Police Department, Officer Beckwith determined that the parked vehicle was registered to appellant but the license plate was registered to a different vehicle, also registered to appellant. As appellant and his girlfriend were exiting the vehicle, Officer Miller arrived at the scene. Officer Beckwith asked appellant if there were a weapon in the car. When appellant replied he did not have a gun, Officer Beckwith patted him down and asked if he could search the vehicle. Appellant would not consent to a search of the vehicle. Officer Beckwith testified that because appellant had live ammunition in plain view, he was concerned for his safety and asked Officer Miller to search the vehicle. During the search, Officer Miller found a marijuana pipe, marijuana, and a silver hand scale used for weighing drugs. Appellant was cited for possession of marijuana, criminal trespass, and two counts of possession of drug paraphernalia.
On April 28, 1998, appellant filed a motion to suppress all evidence obtained by the Willowick Police Department. The matter was referred to a magistrate who held a hearing on May 13, 1998 and recommended that appellant's motion for suppression be overruled. On May 19, 1998, the trial court adopted the magistrate's decision and overruled appellant's motion to suppress. On May 21, 1998, appellant changed his not guilty plea and entered a plea of no contest to each of the charges. The trial court found him guilty and sentenced him to a term of incarceration of twenty-nine days and to pay a fine of $300, plus court costs. Appellant filed a timely appeal, asserting the following error:
 "The trial court committed reversible error when it denied defendant-appellant's motion to suppress."
Before we address the merits of appellant's assignment of error, we must first state that it is error for a trial court to refer a motion to suppress to a magistrate. State v. Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, unreported. However, a defendant must either object to the trial court's referral at the outset or must file a written objection to the magistrate's order pursuant to Crim.R. 19(C), in order to preserve the issue on appeal. Koziol at 9. In the instant matter, the error was waived because appellant did not challenge the referral at the outset or through a Crim.R. 19(C) objection.
We will now address appellant's sole assignment of error, which alleges that the trial court erred by denying his motion to suppress. Appellant contends that the motion to suppress should have been granted because the police obtained evidence in violation of the Fourth Amendment, which protects against unreasonable searches and seizures. He contends that the police had no reasonable suspicion, based on specific and articulable facts, to warrant the seizure of his person that occurred when Officer Beckwith approached his vehicle and awakened him and his girlfriend.
Not all interactions between police officers and citizens involve seizures of persons. A police officer may approach an individual in what is known as a consensual encounter, which is not a seizure for Fourth Amendment purposes. Florida v. Bostick
(1991), 501 U.S. 429, 434, 111 S. Ct. 2382, 2386. The hallmark of a consensual encounter is that a reasonable citizen must feel "free to decline the officers' requests or otherwise terminate the encounter." Id. at 439. A seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." UnitedStates v. Mendenhall (1980), 446 U.S. 544, 554, 100 S. Ct. 1870,1877. Factors suggesting that a seizure has occurred include the presence of multiple police officers, the displaying of a weapon by the police, the use of language suggesting that compliance with police requests is compelled, and the physical touching of the citizen. Id. at 554.
We cannot conclude that appellant was seized at the moment that Officer Beckwith approached his vehicle and knocked on the window. At that point, it was a consensual encounter for which Officer Beckwith was not required to have a reasonable suspicion of criminal wrongdoing in order to approach the vehicle. We have previously held that no seizure occurs when a single police officer approaches a parked vehicle and engages the occupants in conversation. City of Willowick v. Sable (Dec. 12, 1997), Lake App. No. 96-L-189, unreported. In Sable, an officer, while on routine patrol, observed a vehicle in the parking lot of a bar; after viewing the parked automobile for several minutes with its brake lights illuminated, he decided to investigate. Because none of the Mendenhall factors suggesting coerciveness was present, we reasoned that the officer's interaction with the citizen did not overstep the bounds of a consensual encounter. Id.
Appellant relies heavily on State v. Cook (1995), 107 Ohio App.3d 154,667 N.E.2d 1270, to support his contention that he was seized when Officer Beckwith approached his vehicle; however, the facts in Cook are distinguishable from the facts in the instant case. In Cook, two men in a disabled vehicle were approached from at least two directions by four uniformed, armed police officers. One officer approached the individual sitting in the passenger's seat, questioned him, and then removed him from the truck in order to frisk him. Another officer approached Cook, who was sitting in the driver's seat, questioned him, and then ordered him out of the truck. The Second District Court of Appeals held that Cook was seized when the officer ordered him out of his truck because a "reasonable person, being aware of the presence of four officers, after being questioned by an officer and seeing another officer seize and frisk his companion, would not feel free to leave or disregard the officer's command to step out of the truck." Id. At 159. In the instant case, Officer Beckwith's initial encounter with appellant did not result in a seizure of appellant's person because, unlike the interaction in Cook, Officer Beckwith was alone, did not use coercive language or touch appellant until he possessed reasonable suspicion that appellant may be armed and dangerous.
Because we have concluded that appellant was not seized when Officer Beckwith initially approached his vehicle, we must now determine whether the nonconsensual search of appellant's vehicle violated the Fourth Amendment. Appellant contends that the police illegally searched his vehicle because they did not have probable cause to justify a warrantless search or a reasonable belief that appellant or his passenger were armed and dangerous justifying a protective search of the vehicle. We agree with appellant's contention that the police lacked probable cause to search his vehicle because the search does not fall within the "automobile exception" to the warrant requirement; the police did not believe that the car contained contraband or other evidence subject to seizure. See Carroll v. United States (125), 267 U.S. 132,45 S.Ct. 280.
However, we cannot agree that a protective search of appellant's vehicle was unjustified. The United States Supreme Court has held that:
 "When the officer has a reasonable belief `that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.'" Michigan v. Long (1983), 463 U.S. 1032, 1045, 103 S. Ct 3469, quoting Terry v. Ohio
(1968), 392, U.S. 1, 24, 88 S. Ct. 1868.
Police officers must be able to protect their own safety; therefore, "* * * the police [may] conduct an area search of the passenger compartment to uncover weapons, as long as they possess an articulable and objectively reasonable belief that the suspect is potentially dangerous." Michigan v. Long, supra, at 1050.
In the instant case, the police possessed an objectively reasonable belief that appellant was potentially dangerous. Officer Beckwith testified that after he discovered appellant was living out of his car and had a bullet on his dashboard, he assumed that appellant had a gun in the vehicle and was thus concerned for his safety. Appellant was given a citation for criminal trespass but was not taken into custody until the police discovered marijuana and drug paraphernalia in appellant's vehicle; therefore, it was not unreasonable for the officers to search appellant's car before they allowed appellant to reenter his vehicle where he would have access to any weapons inside. We do not accept appellant's argument that because Officer Beckwith saw only one bullet, his belief that appellant was potentially dangerous was unreasonable. One could readily conclude that the bullet was indicative of the presence of a gun. The trial court did not err by denying appellant's motion to suppress because the protective search of appellant's vehicle was justified by the officers' reasonable belief that appellant was potentially dangerous. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Willoughby Municipal Court is affirmed.
________________________________________________________
JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL (Joseph), J., Ret., Seventh Appellate District, sitting by assignment, concur.